UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-603-H

CHAIRAYLE A. SCOTT                                                    PLAINTIFF

v.

KENNETH BOLTON *et al.*                                           DEFENDANTS


## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Chairayle A. Scott filed a civil complaint against

Kenneth Bolton, Shannon Harris, and Edward Airhart, for alleged wrongdoing arising from a car

accident in which she was involved in February 2005.

Plaintiff alleges that Defendant Kenneth Bolton of Double L. Salvage Yard deliberately

backed a "huge forklift" that he was operating into her 1992 Buick LeSabre.  She alleges that

Defendant Police Officer Harris conspired with Defendant Bolton to leave "a paper trail of

purjurous affidavits" and that they "together decided what to write in police report."  She claims

defamation, harassment, and violation of rights.

Plaintiff further contends that because Defendant Bolton has no insurance, Defendant

Airhart, who is "in control of the business as attorney for Kenneth Bolton," has "created a conflict

of interest operating in bad faith, failure to fullfill active duties and responsibilities to operate a

legal business of any sort."  She, thus, alleges a failure to comply with Kentucky state regulations

for businesses, fraud, and an illegal operation of business.

As relief, Plaintiff seeks damages and restitution of unspecified amounts and wants the

"criminals convicted," the criminal syndicate broken up, the officer and lawyer fired, and apologies.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir.1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff fails to specify the jurisdictional basis of her action. Under the diversity statute, *see* 28 U.S.C. § 1332, the Court has jurisdiction over suits between citizens of different states when the amount-in-controversy exceeds $75,000. Plaintiff and Defendants, however, are not diverse in citizenship as they are all in Kentucky, and Plaintiff has not alleged that she meets the amount-in-controversy requirement. Jurisdiction cannot, therefore, be based upon § 1332.

Plaintiff additionally fails to establish federal question jurisdiction under 28 U.S.C. § 1331 as she fails to specify any federal law or federal constitutional provision upon which jurisdiction can be based.

As Plaintiff has failed to meet her burden of establishing the subject matter jurisdiction of this Court, the action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
4412.005

3